UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re: )
)
JAMES S. SAKKOS ) Chapter 7
) Case No. 15-41808-CJP
Debtor )
)

UNITED STATES TRUSTEE'S MOTION TO
DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(3) and TO EXTEND TIME TO
OBJECT TO DISCHARGE PURSUANT TO 11 U.S.C. § 727

The United States Trustee moves, pursuant to 11 U.S.C. § 707(b)(3), this Court to enter an order dismissing the case of James S. Sakkos (the "Debtor") and requests that the Court extend the time within which the United States Trustee may file an objection to discharge pursuant to 11 U.S.C. § 727. In support of this motion, the United States Trustee states as follows:

1. The Debtor filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition") on September 24, 2015

2. David M. Nickless, Esq. has been appointed as the Chapter 7 trustee in this case.

3. The matters set forth herein constitute a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The section 341 meeting of creditors was held on November 2, 2015. The deadline for filing a motion to dismiss pursuant to 11 U.S.C. § 707(b)(1) & (3), and for objecting to discharge pursuant to 11 U.S.C. § 727, is May 3, 2016.

5. A review of the Debtor's schedules and statements, pleadings filed in this case, and the docket shows that:

(a) the Debtor schedules monthly expenses which exceed his monthly income by $3,112.78;

(b) the Debtor's scheduled expenses include an expense of $3800 for home ownership;

(c) on October 27, 2015, U.S. Bank Trust (the "Bank") filed a motion for relief from stay with respect to the Debtors' residence, in which motion the Bank alleged that the note and mortgage on the Debtor's residence have been in default since September 8, 2009;

(d) the Bank's motion for relief from stay was allowed, on December 14, 2016, over the Debtor's objection;

(e) on Form B 22A-1, the Debtor stated that he has a household of one, but testified at the 341 meeting of creditors in his case that one of his adult sons lived with him;

(f) the Debtor does not list any vehicles on his schedules, but there appears to be at least one vehicle registered to the Debtor's home address.

6. The United States Trustee submits that the $3800 mortgage expense is not properly scheduled as an expense of the Debtor, because the Debtor has been in default on this expense since 2009. Moreover, the secured creditor has now obtained relief from stay to enforce its rights in the Debtor's real property. In addition, it appears that the Debtor has made inconsistent representations about his financial situation in the course of his bankruptcy case.

7. The Debtor is an individual whose liabilities are primarily consumer debts. On his Schedule F, the Debtors list general unsecured debt in the amount of **$28,835**.

8. As amended by BAPCPA, 11 USC § 707(b)(1) provides for dismissal of a case filed by an individual debtor whose debts are primarily consumer debts if the Court determines that the granting of relief would be an abuse of chapter 7.[1] 11 U.S.C. 707(b)(1).

9. Section 707(b)(3) states that in considering whether the granting of relief would be an abuse, the Court shall consider:

---

[1] Formerly, § 707(b)(1) provided for dismissal of a case only if granting relief would be a "substantial abuse." Moreover, there was a presumption in favor of granting relief to the debtor, which statutory presumption was eliminated by BAPCA. 11 U.S.C. § 707(b)(2005).

"(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse. 11 U.S.C. § 707(b)(3).

10. When considering the totality of the circumstances, pre-BAPCPA grounds for dismissing a case as abusive remain viable. <u>In re Pak</u>, 343 B.R. 239 (Bankr. N.D. Cal. 2006); <u>see also</u>, 146 Cong. Rec. S11683-11729 (section by section explanation of HR 2415), Dec. 7, 2000 ("situations in which courts dismiss debtors from Chapter 7 today clearly continue to be grounds for dismissal under HR2415, including such cases as <u>In re Lamanna</u>, 153 F.3d 1 (1st Cir. 1998).

11. Substantial abuse may be predicated on a debtor's lack of honesty or want of need. <u>In re Lamanna</u>, 153 F.3d at 4.

12. In the instant case, the Debtor's statements and schedules do not accurately and honestly reveal the nature of his financial situation. The granting of a discharge to the Debtor under these circumstances would be an abuse of chapter 7 of the Bankruptcy Code.

13. The United States Trustee's analysis of this case to date has led to the conclusion that a motion to dismiss Debtors' case pursuant to 707(b)(3) is the appropriate action to take. However, should the Court not dismiss the case as requested herein, the United States Trustee further requests that the Court extend the deadline for objecting to discharge pursuant to 11 U.S.C. § 727, by approximately ninety (90) days from date of the disposition of the instant motion.

WHEREFORE, the United States Trustee prays that this Court (i) enter an order dismissing this case pursuant to 11 U.S.C. § 707(b)(3); (ii) extend the time for the United States Trustee to object to discharge pursuant to 11 U.S.C. § 727 for 90 days from the date of the Court's order on the instant motion; and (iii) grant such other relief as is right and just.

Respectfully submitted,

William K. Harrington
United States Trustee

By:   /s/  Lisa D. Tingue
Lisa D. Tingue (BBO #633275)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
Tel: (508) 793-0555
Fax: (508) 793-0558

Date: May 3, 2016     email: lisa.d.tingue@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of May 2016, a copy of the foregoing document was served via first class mail, postage pre-paid and/or via ECF upon the following:

David M. Nickless, Esq.
*Via ECF*

Patrick Michael Groulx, Esq.
*Via ECF*

James Spiro Sakkos
80 Fiske Street
Holliston, MA 01746

  /s/  Lisa D. Tingue
Lisa D. Tingue